U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 17 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

UNITED STATES OF AMERICA

versus                                        CRIMINAL NUMBER 06-50103
                                              JUDGE TOM STAGG
RONALD K. AMEND

---

## MEMORANDUM RULING

Before the court is a "Motion To Dismiss Counts IV And V Of The Indictment For Failure To Allege With Sufficient Specificity The Elements Of The Offense" filed by the defendant, Ronald K. Amend ("Amend"). Record Document 37. For the reasons stated below, the motion is **DENIED**.

## I. FACTS

In a superceding indictment, Amend was charged with six counts of firearm-related crimes. See Record Document 29. Amend filed the instant motion, arguing that counts IV and V of the superceding indictment, both charging him with violations of 26 U.S.C. § 5861(d), fail to allege with sufficient specificity the elements of the offense. Particularly, Amend argues that there are seven distinct definitions of the term "machinegun" in the identified section, 26 U.S.C. § 5845(b), and that the statute therefore defines seven different crimes with different elements, depending on which definition of "machinegun" is used. He asserts that he has the constitutional right to

be informed of the nature and cause of the accusation against him, and that the indictment therefore must specify which definition is alleged in the charges against him. Furthermore, he argues that because it cannot be determined which definition the grand jury was using when it chose to indict him, and neither the government nor the court can now change the indictment, counts IV and V must be dismissed.

## II. LAW & ANALYSIS

In <u>Russell v. United States</u>, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047 (1962), the Supreme Court set out the two criteria by which the sufficiency of an indictment is to be measured. First, the indictment must contain the elements of the offense intended to be charged and must "sufficiently apprise the defendant of what he must be prepared to meet." <u>Id.</u> (internal quotation marks omitted). Second, the defendant must be "fully protected from again being put in jeopardy for the same offense." <u>Id.</u> at 764. In <u>Russell</u>, the Court found that the second requirement was met because the times and places of the alleged crimes were contained in the indictment. <u>See id.</u> In order to satisfy the first requirement, however, the Court stated that the words of a statute were not sufficient unless they "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary" to establish the offense. <u>Id.</u> at 765. (internal quotation marks omitted). The language of the statute can be used in the general sense, the Court found, but it must be accompanied by a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. <u>See id.</u>

In the present case, both requirements for a sufficient indictment are met. The first requirement is met because the elements of the charged offense are contained in the indictment. Counts IV and V clearly state that the defendant must be found to have knowingly and unlawfully possessed a machinegun that was not registered to him. In count IV, the indictment then describes the firearm he is accused to have possessed as a "H & K type, three position machinegun firing mechanism." Record Document 29. Count V identifies the firearm as an "unknown make, Model 1919A3, 7.62 mm caliber machinegun, serial number RKA010." Id. Accordingly, the elements of the crime Amend is accused to have committed are clearly defined: 1) he must have knowingly and unlawfully, 2) possessed a machinegun, 3) that was not registered to him. Furthermore, the times and places of the alleged crimes are defined in the indictment, therefore the second requirement for a sufficient indictment is met. See Russell, 369 U.S. at 764.

The defendant relies United States v. Doucet, 994 F.2d 169 (5th Cir. 1993), for the proposition that there are seven different definitions of the term "machinegun" set out in section 5845(b), and therefore the crime may involve seven different crimes, each with different elements, depending on which definition is alleged. In Doucet, the defendant was charged in an indictment with "possession of an unregistered firearm modified to fire as a machinegun." Id. at 170. The government presented its opening statement at trial, specifically stating that the machinegun at issue was an assembled machinegun. See id. at 171. However, after the defendant presented his defense which applied only to the time the parts of the gun were

3

assembled, the government changed its case and began arguing that the defendant possessed the unassembled parts of the machinegun for years before the gun was finally assembled. See id. at 170-171. The government also added to the jury instructions an alternative definition of "machinegun," which included the unassembled parts. See id. at 171. The Fifth Circuit found that the government had "lured [the defendant] into constructing an entrapment defense against a charge that the government ultimately abandoned at trial in favor of a broader basis for conviction." Id. at 173. The court reversed the defendant's conviction, finding that the government could not amend the indictment to include the broader definition of "machinegun" mid-trial. See id.

Amend argues that the elements of the alleged crime must be identified in an indictment, and that the indictment against him is insufficient because it does not specify a particular definition of "machinegun," and therefore does not specify the particular elements the government must prove to convict him. The counts at issue both charge Amend with possession of "machinegun" as defined by any one of the definitions of the term set out in the statute. Amend is not only put on notice of the particular firearm to which each count in the indictment refers, he is also notified that the particular firearm can meet the definition of a "machinegun" in several different ways. Therefore, Amend does not assert that the government is attempting to broaden the indictment, as was the case in Doucet, but rather argues the opposite: that the indictment is too broad. Unlike in Doucet, the defense is not prejudiced by a change in the indictment mid-trial, but is given notice in the indictment that the

4

ample opportunity to prepare a defense. In addition, the government contends that defense counsel has been provided with all of the expert reports identifying the particular definition of machinegun into which each firearm falls. See Record Document 42. Contrary to Amend's argument, the holding in Doucet does not apply to the present case.

Lending further support to this conclusion is United States v. Rodgers, 1995 WL 153134, *3 (5th Cir. 1995), decided after Doucet, in which the Fifth Circuit found no reversible error where the indictment did not specify the particular weapon the defendant was charged with possessing. The defendant argued that the indictment was insufficient because it used only the word "firearm" and did not describe the weapon the grand jury accused him of possessing. See id. at *2. The Fifth Circuit rejected this argument. See id. The defendant then argued that the government constructively amended the indictment by introducing evidence that he possessed three firearms, because the petit jury might have convicted him of possession of a gun the grand jury did not accuse him of possessing. See id. at *3. The court found that the indictment was "couched in general terms which [did] not make the description of the firearm an essential part of the indictment," and rejected the defendant's argument. Id. at *5.

The indictment here is more specific than the one held sufficient in Rodgers. The counts at issue specify that the firearms are "machinegun[s]," with each count describing the particular firearm. Also, unlike in Doucet, the government is not attempting to alter the elements of the crime, and contrary to Amend's argument, the

5

fact that the term "machinegun" is defined in more than one way does not mean that the elements of the crime are not specified in the indictment. The court finds that the elements of the crimes are sufficiently identified in counts IV and V of the indictment.

### III. CONCLUSION

Based on the foregoing analysis, Amend's motion to dismiss counts IV and V of the indictment (Record Document 37) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of April, 2007.

_____
JUDGE TOM STAGG